# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| MENDOOR LAMONT SMITH, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | No. C06-2048-LRR <br> No. CR04-2003-LRR <br><br> ORDER |

___

This matter comes before the court on Mendoor Lamont Smith's motion to vacate, set aside or correct sentence (Docket No. 1). Mendoor Lamont Smith ("the movant") filed his motion pursuant to 28 U.S.C. § 2255.[1] Also before the court is the movant's application for appointment of counsel (Docket No. 2), motion for an evidentiary hearing (Docket No. 3) and motion for production of documents (Docket No. 4). For the following reasons, the movant's 28 U.S.C. § 2255 motion[2], application for appointment of counsel, motion for an evidentiary hearing, and motion for production of documents shall be denied. In addition, a certificate of appealability shall be denied.

___

[1] If a prisoner is in custody pursuant to a sentence imposed by a federal court and such prisoner claims "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, [the prisoner] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255; *see also Daniels v. United States*, 532 U.S. 374, 377, 121 S. Ct. 1578, 149 L. Ed. 2d 590 (2001).

[2] No response from the government is required because the motion and file make clear that the movant is not entitled to relief. *See* 28 U.S.C. § 2255; Rule 4(b), Rules Governing Section 2255 Proceedings.

## I. BACKGROUND

On January 21, 2004, the grand jury returned, and the government filed, an indictment against the movant. Count three of the indictment states:

> On or about November 13, 2003, in the Northern District of Iowa, [. . .] MENDOOR LAMONT SMITH, did knowingly and intentionally possess with intent to distribute approximately 36.1 grams of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, within 1,000 feet of the real property comprising a playground, to wit: Tibbits Park, located at the intersection of Cedar Bend Street and Donald Street in Waterloo, Iowa, after having previously been convicted of a felony drug offense, to wit: on or about June 25, 1999, MENDOOR LAMONT SMITH was convicted in the Iowa District Court in and for Black Hawk County, of the felony offense Possession with Intent to Deliver Cocaine.
>
> This is in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(D), 851, and 860.

On March 24, 2004, the movant appeared before Chief Magistrate Judge John A. Jarvey for a change of plea hearing. At such hearing, the movant pleaded guilty to count three of the indictment. On the same date, Chief Magistrate Judge John A. Jarvey entered a report and recommendation that a United States District Court Judge accept the movant's plea of guilty. On April 14, 2004, the court entered an order adopting the report and recommendation pertaining to the movant's guilty plea. On September 21, 2004, the government filed a sentencing memorandum, and the movant filed a sentencing memorandum. On September 26, 2004, the movant filed a supplemental sentencing memorandum. On September 28, 2004, the court conducted a hearing and sentenced the movant to 151 months imprisonment and 4 years supervised release.[3] On September 29,

---

[3] The court notes that, during his sentencing hearing, the movant acknowledged that Chief Magistrate Judge John A. Jarvey informed him during his change of plea hearing that the maximum statutory penalty for his offense is up to twenty years.

2004, judgment entered against the movant. On October 8, 2004, the movant filed a notice of appeal. On appeal, the movant argued that the court erred when it characterized his prior conviction for the reckless use of a firearm as a crime of violence. On September 6, 2005, the Eighth Circuit Court of Appeals affirmed the movant's conviction and resulting sentence. *See generally United States v. Smith*, 395 F.3d 830 (8th Cir. 2005).

On June 29, 2006, the movant filed the instant motion. In his 28 U.S.C. § 2255 motion, the movant challenges his conviction and resulting sentence based on two grounds. Specifically, the movant claims the government failed to comply with 21 U.S.C. § 851 and counsel provided ineffective assistance because he did not object to the government's failure to comply with 21 U.S.C. § 851. On July 12, 2006, the movant filed an application for appointment of counsel, motion for an evidentiary hearing and motion for production of documents.

The court now turns to consider the movant's 28 U.S.C. § 2255 motion, application for appointment of counsel, motion for an evidentiary hearing and motion for production of documents.

## II. ANALYSIS

### A. *Review of the Movant's Motion for an Evidentiary Hearing*

With respect to his motion for an evidentiary hearing, a district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255. *See United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986). In exercising that discretion, the district court must determine whether the facts alleged, if true, would entitle the movant to relief. *See Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996). "Accordingly, [a district court may summarily dismiss a motion brought under 28 U.S.C. § 2255 without an evidentiary hearing] if (1) the . . . allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240-41 (8th Cir.

1995) (citations omitted). Stated differently, a 28 U.S.C. § 2255 motion can be dismissed without a hearing where "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see also Standing Bear v. United States*, 68 F.3d 271, 272 (8th Cir. 1995) (per curiam).

The court's review of the record leads it to conclude that it is able to resolve the movant's claims from the record. Thus, there is no need for an evidentiary hearing. *See Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993) (holding "[a]ll of the information that the court needed to make its decision with regard to [the] claims was included in the record . . . ." and, therefore, the court "was not required to hold an evidentiary hearing" (citing Rule Governing Section 2255 Proceedings 8(a) and *United States v. Raddatz*, 447 U.S. 667, 674, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980))). The evidence of record conclusively demonstrates that the movant is not entitled to the relief sought. Specifically, the record indicates that the movant's claims are wholly without merit. As such, the court finds that there is no need for an evidentiary hearing, and the movant's motion for an evidentiary hearing shall be denied.

### B. Review of the Movant's Motion Pursuant to 28 U.S.C. § 2255

#### 1. Standards Applicable to Motion Pursuant to 28 U.S.C. § 2255

28 U.S.C. § 2255 allows a prisoner in custody under sentence of a federal court to move the sentencing court to vacate, set aside or correct a sentence. To obtain relief pursuant to 28 U.S.C. § 2255, a federal prisoner must establish: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See Hill v. United States*, 368 U.S. 424, 426-27, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962) (citing 28 U.S.C. § 2255).

Although it appears to be broad, 28 U.S.C. § 2255 does not provide a remedy for "all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S.

178, 185, 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979). Rather, 28 U.S.C. § 2255 is intended to redress only "fundamental defect[s] which inherently [result] in a complete miscarriage of justice" and "omission[s] inconsistent with the rudimentary demands of fair procedure." *Hill*, 368 U.S. at 428; *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice.") (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987)). A collateral challenge under 28 U.S.C. § 2255 is not interchangeable or substitutable for a direct appeal. *See United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982) (clarifying that a motion pursuant to 28 U.S.C. § 2255 will not be allowed to do service for an appeal). Consequently, "[a]n error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *Id.* (internal quotation marks and citation omitted).

In addition, movants ordinarily are precluded from asserting claims they failed to raise on direct appeal. *See McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001). "A [movant] who has procedurally defaulted a claim by failing to raise it on direct review may raise the claim in a [28 U.S.C. §] 2255 proceeding only by demonstrating cause for the default and prejudice or actual innocence." *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 622, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)); *see also Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003) ("[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the [movant] shows cause and prejudice."). "'[C]ause' under the cause and prejudice test must be something *external* to the [movant], something that cannot be fairly attributed to him." *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) (emphasis in original). If a movant fails to show cause, a court need not consider whether actual prejudice exists. *McCleskey v. Zant*, 499 U.S. 467, 501, 111

5

S. Ct. 1454, 113 L. Ed. 2d 517 (1991). Actual innocence under the actual innocence test "means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623-24; *see also McNeal*, 249 F.3d at 749 ("[A movant] must show factual innocence, not simply legal insufficiency of evidence to support a conviction.").[4]

### 2. *Standards Applicable to Ineffective Assistance of Counsel Claims*

The Sixth Amendment to the United States Constitution provides in pertinent part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his [or her] defen[s]e." U.S. Const., amend. VI. Furthermore, there is a constitutional right to effective assistance of counsel on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 393-95, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985); *Douglas v. California*, 372 U.S. 353, 356-57, 83 S. Ct. 814, 9 L. Ed. 2d 811 (1963).

The Sixth Amendment right to effective counsel is clearly established. *See Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *Strickland*, the United States Supreme Court explained that a violation of that right has two components:

> First, [a movant] must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the [movant] by the Sixth Amendment. Second, [a movant] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the [movant] of a fair trial, a trial whose result is reliable.

*Id.* at 687; *see also Williams v. Taylor*, 529 U.S. 362, 390, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000) (reasserting *Strickland* standard). Thus, *Strickland* requires a showing of

---

[4] The procedural default rule applies to a conviction obtained through trial or through the entry of a guilty plea. *See United States v. Cain*, 134 F.3d 1345, 1352 (8th Cir. 1998); *Walker v. United States*, 115 F.3d 603, 605 (8th Cir. 1997); *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997); *Thomas v. United States*, 112 F.3d 365, 366 (8th Cir. 1997); *Reid v. United States*, 976 F.2d 446, 448 (8th Cir. 1992).

both deficient performance and prejudice. However, "a court deciding an ineffective assistance claim [need not] address both components of the inquiry if the [movant] makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on grounds of lack of sufficient prejudice, . . . that course should be followed." *Id.*; *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("[A court] need not address the reasonableness of the attorney's behavior if the movant cannot prove prejudice.").

To establish unreasonably deficient performance, a movant "must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The "reasonableness of counsel's challenged conduct [must be reviewed] on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. There is a strong presumption of competence and reasonable professional judgment. *Id.*; *see also United States v. Taylor*, 258 F.3d 815, 818 (8th Cir. 2001) (operating on the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" (quoting *Strickland*, 466 U.S. at 689)); *Sanders v. Trickey*, 875 F.2d 205, 210 (8th Cir. 1989) (broad latitude to make strategic and tactical choices regarding the appropriate action to take or refrain from taking is afforded when acting in a representative capacity) (citing *Strickland*, 466 U.S. at 694). In sum, the court must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

To establish prejudice, "[i]t is not enough for [a movant] to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Rather, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In other words, "the question is whether there is a reasonable probability that, absent those errors, the fact finder would have had a reasonable doubt respecting guilt." *Id.* at 695. In

7

answering that question, the court "must consider the totality of the evidence before the judge or jury." *Id*.

### 3. *The Movant's Claims*

The movant contends that the government failed to comply with 21 U.S.C. § 851 because the government did not file a separate information that gave sufficient notice of its intent to seek increased punishment. Further, he argues that the indictment filed by the government is not a sufficient substitute for the information required by 21 U.S.C. § 851. He believes that the government should have utilized an information, rather than an indictment, to reveal its intent to increase his sentence. Finally, the movant maintains that counsel provided ineffective assistance because he did not object to the government's failure to comply with 21 U.S.C. § 851.

The movant's challenge regarding 21 U.S.C. § 851 is without merit. 21 U.S.C. § 851(a)(1), in relevant part, provides:

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

"[Such statute] does not require the government to provide notice of its intent to enhance a [. . .] sentence. Instead, the statute requires notice that 'stat[es] in writing the previous conviction[ ] to be relied upon.'" *United States v. Johnson*, ___ F.3d ___, ___, 2006 U.S. App. LEXIS 22811 *20, 2006 WL 2571729 *7 (8th Cir. 2006) (quoting 21 U.S.C. § 851). Although the general procedure is for the government to file a separate notice pursuant to 21 U.S.C. § 851, a separate notice is not required if the indictment itself provides sufficient notice of the government's intent to rely on a prior conviction. *Id*. Here, the indictment filed against the movant listed the prior conviction on which the government intended to rely. In fact, the indictment described the prior conviction as a 1999

conviction for possession of cocaine with intent to deliver. *See State v. Smith*, No. FECR082770 (Black Hawk County Dist. Ct. 1999).[5] Moreover, the indictment cited 21 U.S.C. § 851. Aside from citing 21 U.S.C. § 851, the indictment cited 21 U.S.C. § 841(b)(1)(D), that is, the statute that provides for an increased sentence based on a prior conviction for a felony drug offense, and 21 U.S.C. § 860, that is, the statute that provides for an increased sentence for possessing with intent to distribute a controlled substance within 1,000 feet of a playground.[6] Thus, the court concludes that the government provided the movant with sufficient notice that he faced twenty years imprisonment if convicted of possessing with intent to distribute a controlled substance near a protected location after having been convicted of a prior felony drug offense.

In light of its prior conclusion regarding the movant's claim regarding 21 U.S.C. § 851, the court finds that counsel's failure to raise a futile or frivolous issue cannot

---

[5] Iowa state court criminal and civil records may be accessed at the following address: www.judicial.state.ia.us/online_records/. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

[6] 21 U.S.C. § 841(b)(1)(D), in relevant part, provides:
> If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not more than 10 years, . . . .

21 U.S.C. § 860(a), in relevant part, provides:

> Any person who violates section 841(a)(1) of this title . . . by . . . possessing with intent to distribute . . . a controlled substance in or on, or within one thousand feet of . . . a playground . . . is (except as provided in subsection (b) of this section) subject to (1) twice the maximum punishment authorized by section 841(b) of this title; and (2) at least twice any term of supervised release authorized by section 841(b) of this title for a first offense.

Consequently, the movant's maximum statutory sentence is twenty years.

constitute ineffective assistance. *Strickland*, 466 U.S. at 689. In addition, the court finds that the movant was not prejudiced in this regard. *Id*. at 692-94. Stated differently, the court must conclude that counsel did not provide ineffective assistance when he allegedly failed to raise an objection regarding the notice that is required under 21 U.S.C. § 851. Because he did not prove either prong of the *Strickland* test, the movant's ineffective assistance of counsel claim fails.

Based on the foregoing, the movant's 28 U.S.C. § 2255 motion shall be denied. *Compare United States v. Mooring*, 287 F.3d 725, 728 (8th Cir. 2002) (concluding 21 U.S.C. § 851 argument fails because "the substantive aims of the statute were satisfied" and, therefore, ineffective assistance of counsel argument also fails) *with Neary v. United States*, 998 F.2d 563, 566 (8th Cir. 1993) (concluding district court erred when it enhanced sentence and error could be remedied under 28 U.S.C. § 2255 because, among other things, counsel was ineffective in permitting him to waive 21 U.S.C. § 851(a)(1) non-compliance).

### C. *The Movant's Application for Appointment of Counsel and Motion for Production of Documents*

Having concluded that it is appropriate to deny the movant's 28 U.S.C. § 2255 on initial review, the court shall deny the movant's application for appointment of counsel and motion for production of documents. Neither counsel nor the production of documents will assist the movant with the claims he asserts.

### D. *Certificate of Appealability*

In a 28 U.S.C. § 2255 proceeding before a district judge, the final order is subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d

518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)); *see also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds that the movant failed to make the requisite "substantial showing" with respect to the claims he raised in his 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because he does not present questions of substance for appellate review, there is no reason to grant a certificate of appealability. Accordingly, a certificate of appealability shall be denied. If he desires further review of his 28 U.S.C. § 2255 motion, the movant may

request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

**IT IS THEREFORE ORDERED**:

1) The movant's 28 U.S.C. § 2255 motion (Docket No. 1) is DENIED.

2) A certificate of appealability is DENIED.

3) The movant's application for appointment of counsel (Docket No. 2) is DENIED.

4) The movant's motion for an evidentiary hearing (Docket No. 3) is DENIED.

5) The movant's motion for production of documents (Docket No. 4) is DENIED.

**DATED** this 21st day of September, 2006.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA